UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
MICHAEL NEWMAN,

                    Plaintiff,

                                              **MEMORANDUM & ORDER**

          -against-                           20-CV-1141 (KAM)(RER)

WEST BAR & LOUNGE, INC. (AKA WEST
BAR & LOUNGE), DENO PARKER,

                    Defendants.
------------------------------------x

KIYO A. MATSUMOTO, United States District Judge:

          On March 2, 2020, plaintiff Michael Newman commenced

this action, alleging that defendants Deno Parker and West Bar &

Lounge, Inc. (a/k/a West Bar & Lounge) violated the Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and New

York Labor Law, Art. 6, §§ 190 *et seq.* (the "NYLL").  (*See* ECF

No. 3, Complaint ("Compl.").)  Plaintiff alleges that defendant

failed to: (1) pay lawfully earned minimum wages and overtime

compensation; and (2) comply with notice and record-keeping

requirements.  (*Id.* ¶ 1.)  Defendants failed to answer the

complaint or otherwise appear in this action.  After the Clerk

of the Court entered a certificate of default against defendants

pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiff

filed the instant motion for entry of default judgment.  (*See*

ECF No. 10, Clerk's Entry of Default; ECF No. 11, Motion for

Entry of Default, filed June 22, 2020; ECF No. 17, Amended

Motion for Default Judgment; ECF No. 23, Second Amended Motion
for Default Judgment, ("Pl. Mot."); ECF No. 24, Memorandum of
Law in Support of Plaintiff's Application for Default Judgement
("Pl. Mem."); ECF No. 25, Declaration of Michael Newman in
Support of Plaintiff's Motion for Default Judgment ("Newman
Decl.").)  For the reasons set forth below, plaintiff's motion
for default judgment is granted.

<u>**BACKGROUND**</u>

Where a defendant defaults, a court must accept the
plaintiff's well-pleaded factual allegations as true and draw
all reasonable inferences in the plaintiff's favor.  *Finkel v.
Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied
Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d
182, 187-88 (2d Cir. 2015).  Consequently, the court accepts the
following facts taken from plaintiff's complaint, affidavit,
supporting submissions as true for the purpose of reviewing
plaintiff's motion for default judgment.  *See City of N.Y. v.
Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)
(holding that a defaulting party admits all well-pleaded factual
allegations in the complaint (citation omitted)).

I.   **Factual Background**

Plaintiff Michael Newman was an employee of defendant
West Bar & Lounge, Inc. ("West Bar") from October 2018 until
February 2020.  (Compl. at ¶ 2.)  Plaintiff was employed as a

kitchen worker and worked six (6) days per week for ten (10) to
twelve (12) hours per day.  (*Id.* at ¶¶ 3, 38.)  Defendant West
Bar is a New York corporation located in St. Albans, New York.
(*Id.* at ¶¶ 9-10.)  At all relevant times, defendant West Bar was
an employer engaged in commerce and/or in the production of
goods.  (*Id.* at ¶¶ 15.)  Plaintiff also alleges that defendant
Deno Parker is the owner and operator of defendant West Bar, and
therefore, an employer.  (*Id.* at ¶¶ 17-20.)  Defendant Parker
was responsible for the day-to-day operations of defendant West
Bar, including hiring, terminating, supervising, setting
schedules, and pay rates for employees.  (*Id.* at ¶¶ 19-20.)

Throughout the duration of his employment, plaintiff
had a variety of kitchen occupations which were non-tipped
including dishwashing, cleaning, and others.  (*Id.* at ¶ 36.)  At
the time of his employment, plaintiff agreed to work for the
rate of $100.00 per day regardless of how many hours he worked a
given day.  (*Id.* at ¶ 37.)  Plaintiff was not provided with pay
slips or records of any kind stating his hours worked and rate
of pay.  (*Id.* at ¶ 42.)

## II.  Procedural History

Plaintiff commenced this action on March 2, 2020,
asserting six claims against defendants for violations of the
FLSA and NYLL for failure to: (1) pay lawfully earned minimum
wages and overtime compensation and (2) comply with notice and

record-keeping requirements.  (*See generally* Compl.)  Defendants

were served with a summons and a copy of the complaint on March

6, 2020 and May 6, 2020.  (*See* ECF Nos. 7, 8, Affidavits of

Service.)  Defendants failed to answer the complaint or

otherwise appear in this action.  On June 14, 2020, plaintiff

moved for entry of default (ECF No. 9), and the Clerk of the

Court entered a certificate of default for both defendants on

June 19, 2020 (ECF No. 10).

Plaintiff now moves for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule

55.2(b).[1]  (*See generally* Pl. Mot.)  Plaintiff requests $36,630

in unpaid minimum and overtime wages (Pl. Mem. at 12), $36,630

in liquidated damages (*id.* at 13), $10,000 in statutory damages

under the NYLL (*id.* at 14), and $5,564 in attorney's fees and

costs (*id.* at 14-15).

## LEGAL STANDARD

### I.   Default Judgment

"[A] default is an admission of all well-pleaded

allegations against the defaulting party."  *Vermont Teddy Bear*

*Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir.

---

[1]      On April 16, 2021, this court denied plaintiff's motion for default
judgment without prejudice for failure to serve the defendants with notice of
the motion for default judgment and the supporting submissions pursuant to
Local Civil Rule 55.2(c).  (Dkt. Order 4/16/2021.)  On April 26, 2021,
plaintiff renewed his motion for default judgment and filed an affidavit of
service, certifying that plaintiff served the motion for default judgment
upon defendants on April 26, 2021.  (*See* ECF No. 28, Affidavit of Service.)

2004) (citation omitted).  After liability is determined, damages must be established to a "reasonable certainty."  *Duro v. BZR Piping & Heating Inc.*, No. 10-cv-0879 (ARR) (ALC), 2011 WL 710449, at *2 (E.D.N.Y. Jan. 26, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  The court need not hold a hearing to determine damages "as long as it [has] ensured that there [is] a basis for damages specified in the default judgment."  *Id.*  When evaluating damages, the court "may rely on affidavits or documentary evidence. . . ."  *Id.* (citing *Tamarin v. Adam Caterers, Inc.* 13 F.3d 51, 54 (2d. Cir. 1993)); *see also Chun Jie Yin v. Kim*, No. 07-cv-1236 (DLI)(JO), 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008).

To obtain a default judgment under Rule 55 of the Federal Rules of Civil Procedure, a movant must complete a two-step process.  *Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.,* 666 F. Supp. 2d 341, 346–47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993).  Second, after the Clerk of the Court has entered default pursuant

to Rule 55(a), the movant "may then make an application for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)." *Rodriguez*, 784 F. Supp. 2d at 123.  If the defendant fails to appear, or move to set aside the default under Rule 55(c), the court may enter a default judgment.  Fed. R. Civ. P. 55(b)(2).

On a motion for entry of a default judgment, the court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic*, 109 F.3d at 108; *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013). The Second Circuit has an "oft-stated preference for resolving disputes on the merits," making default judgments "generally disfavored." *Enron*, 10 F.3d at 95-96.  "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right*." Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-cv-3168 (CBA)(CLP), 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Regardless of the assumption of truth of the complaint when a party is in default, the court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

An employee seeking to recover unpaid wages "has the burden of proving that he performed work for which he was not properly compensated." *Jiao v. Chen*, No. 03-cv-165 (DF), 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  An employer is required by federal and state law to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him."  29 U.S.C. § 211(c); *see also* 12 N.Y.C.R.R. § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records").  In the case of a default judgment, the "defaulting defendant deprive[s] the plaintiff of the necessary employee records required by the FLSA, thus hampering [the] plaintiff's ability to prove his damages" and, consequently, "a plaintiff may meet his burden of proof by relying on recollection alone to establish that he performed work for which he was improperly compensated." *Kernes v. Global Structures, LLC*, No. 15-cv-659 (CM) (DF), 2016 WL 880199, at *6 (S.D.N.Y. Mar. 1, 2016) (internal citations and quotation marks omitted) (alteration in original); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195 (LLS) (JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012).

"[A] district court retains discretion [on a motion for entry of a default] . . . to require proof of necessary

facts [,] and need not agree that the alleged facts constitute a valid cause of action." *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009).  If the unchallenged facts establish defendant's liability, the court then determines the amount of damages due. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic*, 109 F.3d at 111) (citation omitted).  An inquest on damages by affidavit, without an in-person hearing, may be conducted as long as the court can ensure "a basis for the damages specified in the default judgment." *Transatlantic*, 109 F.3d at 111; *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-cv-10234 (JGK)(JLC), 2016 WL 4704917, at *5 (S.D.N.Y. Sept. 8, 2016) ("An affidavit that sets forth the number of hours worked and pay received is sufficient for this purpose."), *report and recommendation adopted sub nom.*, *Xochimitl v. Pita Grill of Hell's Kitchen, Inc*, No. 14-cv-10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).

## II.  Fair Labor Standards Act

To qualify for FLSA protection, a plaintiff must establish either enterprise or individual coverage under the statute.  *See Gomez v. El Rancho de Andres Carne de Tres Inc*., No. 12-cv-1264 (CBA) (MDG), 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014).  The FLSA specifically applies only to employees: (1) who are personally engaged in interstate commerce

8

or in the production of goods for interstate commerce or (2) who are employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce. *See* 29 U.S.C. § 206(a), (b). An employee engages in commerce by "performing work involving or related to the movement of persons or things." 29 C.F.R. § 779.103.

### III. New York Labor Law

"The NYLL is the state analogue to the federal FLSA. Although the NYLL does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of sales, it otherwise mirrors the FLSA in most aspects." *Herrera*, 2015 WL 1529653, at *4 (citing *Chun Jie Yun v. Kim*, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008)). An employee is entitled to relief under New York law if he or she "is paid by his or her employer less than the wage to which he or she is entitled under the provisions" of the article. N.Y.L.L. § 663(1).

### IV.  Service of Process was Proper

A court may not properly enter a default judgment unless it has jurisdiction over the parties against whom or which the judgment is sought. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011); *Sajimi v. City of New York*, No. 07-cv-3252 (ENV)(MDG), 2011 WL 135004, at *8 (E.D.N.Y. Jan. 13, 2011). Accordingly, a party against whom or

which a default judgment is sought must have been served with process.  Pursuant to Fed. R. Civ. P. 4(e)(1), service may be effected in accordance with the service rules of the state where the district is located or service is made.

As to corporate defendant West Bar, the New York Business Corporation Law permits service by delivery of the summons and complaint to the New York Secretary of State ("Secretary of State") as an agent of the corporation.  N.Y. Bus. Corp. Law § 306(b)(1).  Here, plaintiff served West Bar with notice of this action by delivering the summons and complaint to the Office of the New York Secretary of State, and leaving the aforementioned documents with Colleen Banahan, an authorized agent in the Office of the Secretary of State who was authorized to accept service for West Bar.  (*See* ECF No. 7.) Thus, plaintiff properly served defendant West Bar pursuant to New York Business Corporation Law § 306(b)(1).

As to individual defendant Deno Parker, New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") allows for service of process:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . such

10

> delivery and mailing to be effected within
> twenty days of each other . . . .

N.Y. C.P.L.R. § 308(2).  Here, plaintiff served Mr. Parker with
notice of this action by delivering the summons and complaint to
Mr. Parker's place of business, and leaving the aforementioned
documents with a person of suitable age and discretion.  (*See*
ECF No. 8.)  Approximately eight days later, plaintiff's process
server mailed a copy of the summons and complaint, by first
class mail, to the same address.  (*Id.*)  Thus, plaintiff
properly served Mr. Parker pursuant to N.Y. C.P.L.R. § 308(2).
Accordingly, service was proper as to both defendants.

## DISCUSSION

### I.  Defendants Qualify as Plaintiff's Employers under the FLSA and the NYLL

#### a. Employment Relationship

To establish a claim under the FLSA for minimum wage
and overtime compensation, a plaintiff must show that there was
an employment relationship between the plaintiff and the
defendant as defined by the FLSA.  *See Lopic v. Mookyodong
Yoojung Nakjie, Inc.*, No. 16-cv-4179 (KAM)(CLP), 2017 WL
10845064, at *3 (E.D.N.Y. Sept. 30, 2017).  The FLSA defines
"employee" as "any individual employed by an employer."  29
U.S.C. § 203(e)(1).  It defines "employer" as "any person acting
directly or indirectly in the interest of an employer in
relation to an employee."  29 U.S.C. § 203(d).  The Second

Circuit has adopted a multi-factor test based on "economic
reality" to determine whether an employment relationship exists
between the plaintiff and the defendant. *Irizarry v.
Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013). The test asks
whether the alleged employer-defendant "(1) had the power to
hire and fire the employees, (2) supervised and controlled his
work schedules or conditions of employment, (3) determined the
rate and method of payment, and (4) maintained employment
records." *Id.* at 105 (quo*ting Carter v. Dutchess Community
College*, 735 F.2d 8, 12 (2d Cir. 1984). The test looks at the
totality of the circumstances, and no individual factor is
dispositive. *Id.* at 105.

Plaintiff alleges in his complaint that he was
defendants' employee within FLSA's definitions, and that
defendant Parker was the owner, operator, manager, and agent of
defendant West Bar. (Compl. at ¶¶ 12, 17–18.) Plaintiff has
also alleged all four of the factors under the multi-factor
test; specifically, that defendants had the power to hire and
fire the employees, supervised and controlled his work schedules
or conditions of employment, determined the rate and method of
payment, and maintained employment records. (*Id.* at ¶ 19.)
These allegations, in the context of plaintiff's alleged work at
West Bar, are sufficient for this court to find an employment
relationship under the FLSA. *See Guardado v. 13 Wall St., Inc.*,

No. 15-cv-02482 (DRH)(SIL), 2016 WL 7480358, at *3 (E.D.N.Y. Dec. 2, 2016), *report and recommendation adopted*, No. 15-cv-2482 (DRH)(SIL), 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016) (holding that plaintiff had sufficiently proven the employer-employee relationship by stating that he worked in a restaurant owned by defendant, that defendant paid him on a weekly basis by cash and check, and that defendant docked his pay if he missed work); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 36 (E.D.N.Y. 2015) (holding that where plaintiffs have shown that individual defendants satisfied three of the four factors under the economic reality test, defendants are individually liable under the FLSA); *see also Espinoza v. Indus. Glass & Mirror Inc.*, No. 16-cv-0064 (ARR)(RER), 2016 WL 7650592, at *3 (E.D.N.Y. Nov. 30, 2016), *report and recommendation adopted*, No. 16-cv-0064 (ARR)(RER), 2017 WL 65828 (E.D.N.Y. Jan. 5, 2017). Accordingly, the court finds that plaintiff has established the existence of an employment relationship within the meaning of the FLSA to impose liability on both of the defendants.

### b. Non-exempt Employee Status

The FLSA further requires that the plaintiff-employee does not fall under any of its exemptions.  The FLSA does not extend minimum wage and overtime protections to "any employee employed in bona fide executive, administrative, or professional capacity . . . or in the capacity of outside salesman."  29

U.S.C. § 213(a)(1).  Whether a plaintiff-employee falls under
such exemptions is a question of law.  *Ramos v. Baldor Specialty
Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012).

Here, plaintiff's alleged duties involved various
occupations within the kitchen of defendants' restaurant,
including dishwasher and kitchen cleaner, among other duties.
(Compl. at ¶ 36.)  Such duties do not render an employee exempt
from FLSA's minimum wage and overtime protections.  *See Fermin,*
93 F. Supp. 3d at 25 (finding that plaintiff's jobs as waiter,
kitchen helper, cook and dishwasher all constitute non-exempt
employment under the FLSA).

### c. Interstate Commerce Requirement

In addition, the FLSA requires that the plaintiff-
employee is either (1) "engaged in commerce or the production of
goods for commerce," or (2) "employed in an enterprise engaged
in commerce or in the production of goods for commerce."[2]  29
U.S.C. §§ 206(a), 207(a).  To be an "enterprise engaged in
commerce," the defendant-employer must have (a) an annual gross
sales volume of at least $500,000, and (b) "employees handling,
selling or otherwise working on goods or materials that have

---

[2]     For the purposes of the FLSA, "commerce" is defined as interstate or
international commerce.  29 U.S.C.A. § 203(b) (defining "commerce", in
pertinent part, as "commerce ... among the several States or between any
State and any place outside thereof"); *see Ethelberth v. Choice Sec. Co.*, 91
F. Supp. 3d 339, 353 (E.D.N.Y. 2015) (explaining interstate commerce
requirement).

been moving in or produced for commerce by any person."  29
U.S.C. §§ 203(s)(1)(A)(i)-(ii); *see Valdez v. H & S Restaurant
Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028, at *2
(E.D.N.Y. Mar. 29, 2016).

Here, plaintiff recites the statutory requirements in
his complaint without providing specific examples of interstate
or international commerce.  (*See* Compl. at ¶¶ 15, 30, 35.)
Nevertheless, plaintiff's allegations suffice to prove that
defendant-employer is an enterprise engaged in interstate
commerce.  Based on plaintiff's factual allegations that
defendants operated a restaurant with over $500,000 annual
sales, and given the defendants' failure to appear and defend,
the court can reasonably infer that at least some materials
handled by the plaintiff-employee have moved or engaged in
interstate or international commerce, such as the food,
beverages, products, materials, and equipment utilized by the
defendants.  (*See* Compl. ¶¶ 16, 31, 33); *Fermin*, 93 F. Supp. 3d
at 33 n.3 (inferring that at least some of the "myriad goods
necessary to operate a Peruvian restaurant with eat-in dining
area and over $500,000 in annual sales" moved or were produced
in interstate commerce and listing cases confronting this
issue); *see also Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-cv-346
(DRH)(AKT), 2019 WL 1590931, at *9 (E.D.N.Y. Mar. 13, 2019)
(finding that an allegation that a restaurant "had employees

engaged in commerce or in the production of goods for commerce and had annual gross revenues of at least $ 500,000" sufficient to satisfy the interstate commerce requirement), *report and recommendation adopted*, No. 18-cv-346 (DRH)(AKT), 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019). *But see Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 85-86 (E.D.N.Y. 2012) (stating that "inferring an interstate commerce nexus from nothing more than general description of an employer's business . . . is in tension with both the presumption against default and purpose of Rule 55" but concluding that defendants had "forfeited any contention" that the FLSA did not apply, by defaulting after their answer and failing to contest the issue). Accordingly, the court finds defendant-employers are an "enterprise engaged in interstate commerce" within the meaning of the FLSA. *See Klimchak v. Cardrona, Inc.*, No. 09-cv-4311, 2014 WL 3778964, at *5 (E.D.N.Y. July 31, 2014) ("[S]everal courts in this district have inferred FLSA enterprise coverage based on the nature of the defendant employer's business, notwithstanding similar pleading deficiencies." (collecting cases)); *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-cv-1264, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that defendants engaged in interstate commerce where the plaintiff alleged "that the defendants operated a restaurant, Andres Carne, which served

Columbian cuisine and made gross sales of at least $500,000"),
*adopted by* 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014).

##   II.   Defendants' Liability Under the FLSA and NYLL

### a. Minimum Wage Compensation

The FLSA requires employees to be compensated at a
minimum hourly rate for each hour that they work.  *Rodriguez v.
Queens Convenience Deli Corp.*, No. 09-cv-1089 (KAM) (SMG), 2011
WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citing 29 U.S.C. §
206(a)).  New York law has the same requirement.  N.Y.L.L. §
652(1).  "[A] plaintiff may recover under the statute which
provides the greatest amount of damages."  *Rodriguez*, 2011 WL
4962397, at *2.  During the relevant periods, the NYLL provided
a higher minimum wage rate than the FLSA, and therefore
plaintiff will be entitled to recover according to the NYLL
minimum wage rate.  *Compare* N.Y.L.L § 652(1) (state minimum wage
was $13.00 per hour on or after December 31, 2017 and $15.00 per
hour on or after December 31, 2018), *with* 29 U.S.C. § 206(a)(1)
(federal minimum wage was $7.25 per hour after June 30, 2018).

Under the FLSA, an employee seeking to recover unpaid
wages "has the burden of proving that he performed work for
which he was not properly compensated."  *Rodriguez*, 2011 WL
4962397, at *2.  An employer, however, has a burden under state
and federal law to maintain records of the wages, hours, and
persons employed by him.  *Id.*  Where the employer fails to meet

17

this burden, a plaintiff may meet his or her burden of establishing how many hours he or she worked "by relying solely on his or her recollection." *Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (citing *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)). "Specifically, a plaintiff's affidavit that states the number of hours worked is sufficient." *Rodriguez*, 2011 WL 4962397, at *2; *see Angamarca v. Pita Grill 7 Inc.*, No. 11-cv-7777, 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012) (finding "[a]n affidavit that sets forth the number of hours worked" sufficient to carry burden of showing uncompensated hours worked).

During plaintiff's employment with defendants in 2018, the state minimum wage was $13.00 per hour. *See* N.Y.L.L. § 652(1) ("$13.00 per hour on and after December 31, 2017"). Plaintiff represents that during an eleven-week period in 2018, he worked sixty-two hours per week.[3] (Newman Decl. ¶ 10; ECF No. 26-6, Damages Calculation Chart.)  Plaintiff was paid $100 per

---

[3]    In plaintiff's declaration, he attests that he "worked approximately (10) ten or (12) twelve hours per day (6) six days per week." (Newman Decl. ¶ 10.)  For purposes of the damages calculation, plaintiff's counsel assumes that plaintiff worked (62) sixty-two hours per week. (*See* ECF No. 26-6 (Damages Calculation Chart).)  The court finds that the (62) sixty-two hour week estimation to be reasonable and adopts that figure in its liability determination and damages calculation herein.  *See Burns v. Nurnberger Corp.*, No. 16-cv-6251 (WFK)(ST), 2018 WL 5927575, at *3 (E.D.N.Y. Sept. 17, 2018) ("When a defendant defaults in an FLSA action, the plaintiff's recollection and estimates of hours worked are presumed to be correct."), *report and recommendation adopted sub nom. Burns v. Kelly Enterprises of Staten Island, LLC*, No. 16-cv-6251 (WFK), 2018 WL 5928106 (E.D.N.Y. Nov. 13, 2018).

day, regardless of how many hours he worked each day.  (Newman
Decl. ¶ 11.)  Based on these allegations, plaintiff's hourly
wage in 2018 was $9.68 (weekly rate of $600 divided by 62
hours), which fell below the minimum wage required by New York
law.[4]

During plaintiff's employment with defendants from
January 2019 to March 2020, the minimum wage was $15.00 per
hour.  *See* N.Y.L.L. § 652(1) ("$15.00 per hour on and after
December 31, 2018").  Plaintiff represented that during this
sixty-three week period, he worked sixty-two hours per week.
(Newman Decl. ¶ 10.)  Plaintiff was paid $100 per day,
regardless of how many hours he worked each day.  (Newman Decl.
¶ 11.)  Based on these allegations, plaintiff's hourly wage from
January 2019 to March 2020 was $9.68 (weekly rate of $600
divided by 62 hours), which fell below the minimum wage required
by New York law.  Accordingly, plaintiff established defendants'
liability for minimum wage violations under the FLSA and NYLL.

---

[4]    The FLSA "defines regular rate as the total weekly pay divided by the
weekly hours." *Thompson v. Hyun Suk Park*, No. 18-cv-6 (AMD)(ST), 2020 WL
5822455, at *3 n.2 (E.D.N.Y. Sept. 1, 2020), *report and recommendation
adopted*, No. 18-cv-6 (AMD)(ST), 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020)
(citing 29 U.S.C.S. § 207(e); 29 C.F.R. § 778.109).  Here, the plaintiff's
average hourly wage is calculated by dividing plaintiff's weekly salary by
the number of hours worked each week. *Cf. Gunawan*, 897 F. Supp. 2d at 89
(calculating unpaid minimum wages by dividing monthly rate by monthly hours
of work performed).

### b. Overtime Compensation

Both federal and state law require that employers pay employees one and one-half times their "regular rate" for any hours worked in excess of forty hours in a given week.  29 U.S.C. § 207(a); 12 N.Y.C.R.R. § 142-2.2; *see also Luna v. Gon Way Constr., Inc.*, No. 16-cv-1411, 2017 WL 835321, at *10 (E.D.N.Y. Feb. 14, 2017), *report and recommendation adopted*, No. 16-cv-1411, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017); *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 118-20 (S.D.N.Y. 2009).  "[A] plaintiff must provide sufficient detail about the length and frequency of unpaid work in order to support a reasonable inference that he or she worked more than forty hours in a given week."  *Luna*, 2017 WL 835321, at *11 (internal quotations omitted).  To state a plausible FLSA overtime claim, plaintiff must provide some factual context supporting his claim that he was uncompensated for time worked in excess of forty hours.  *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  A plaintiff, however, does not need to actually estimate the number of hours he worked in "some or all workweeks."  *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 90 (2d Cir. 2013) (internal quotations removed).  The same standard applies to stating an overtime claim under the NYLL.  *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 351 (E.D.N.Y.

2014) ("[T]he NYLL adopts th[e] same standard . . . [as the] FLSA definition of overtime into the [NYLL]." (citation omitted)).

Plaintiff alleges that defendants failed to maintain plaintiff's employment records. (*See* Compl. at ¶¶ 1, 47.)  In the absence of such records, plaintiff has provided a sworn declaration estimating his schedule and pay. (*See* Newman Decl. at ¶¶ 9-14.)  By defaulting, defendant failed to rebut plaintiff's estimates.  Therefore, the court credits plaintiff's unopposed sworn declaration as to the number of hours he worked and the rates of pay he received.  *See Guardado*, 2016 WL 7480358, at *6 ("[i]n light of Defendant's default in this matter, the Court relies on Plaintiff's recollection in calculating the amount of hours worked."); *Fermin*, 93 F. Supp. 3d at 43 ("insofar as Plaintiffs were paid in cash and therefore do not have the benefit of paper records to consult, there is nothing suspicious about the fact that they cannot recall the dates with precision.").

Plaintiff alleges that he was not paid an overtime premium for the entirety of his employment in violation of the FLSA and NYLL.  (Compl. ¶¶ 45, 59-62; Newman Decl. ¶¶ 14, 19.) Plaintiff reports that he regularly worked sixty-two (62) hours per week while employed by defendants.  (Newman Decl. ¶ 10.) Accordingly, the court finds that defendants are liable under

the FLSA and NYLL for not paying plaintiff his overtime premiums.  *See Leon*, 2017 WL 1184149, at *7 (finding that defendants were liable for overtime violations of the FLSA and the NYLL where plaintiff alleged that he "regularly worked sixty hours per week over the course of six days while employed by defendants."); *Vazquez v. Wally's Deli & Grocery Corp.*, 482 F. Supp. 3d 178, 185 (S.D.N.Y. 2020) (finding that defendants were liable for overtime violations of the FLSA and the NYLL where plaintiff alleged that "Defendants did not pay him overtime compensation for any hours worked beyond 40 hours in a workweek").

### c. Notice and Record-keeping Requirements

Plaintiff seeks to recover damages for defendants' alleged failure to provide plaintiff with his written notice of his pay rates and his pay stubs, pursuant to NYLL § 195 (1) and § 195(3).  (Compl. ¶¶ 43, 48, 7-72.)  Under the FLSA, the employer is required to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time. . . ." 29 U.S.C. §§ 211(c).  Where the defendant has failed to maintain proper records, the burden of proving that plaintiff was properly paid shifts to the defendant.  *See Marin v. JMP Restoration Corp.*, No. 09-cv-1384, 2012 WL 4369748, *6 (E.D.N.Y.

Aug. 24, 2012); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) (holding that "it is important to recognize that an employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable").

Similarly, the NYLL requires employers to "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked." N.Y.L.L. § 195(4). Where an employer fails to keep adequate records, the employer will "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." *Id.* § 196(a). Furthermore, under New York Law, an employer must provide (1) at the time of hiring, a notice containing information such as "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage . . . the physical address of the employer's main office . . . the telephone number of the employer,"; and (2) "a statement with every payment of wages, listing . . . the dates of work covered by that payment of wages" as well as pay rate information. *Id.* §§ 195-1(a), 195-3.

Here, upon the entry of default, defendants are deemed to have admitted to the allegations of the plaintiff. *See Vermont Teddy Bear Co., Inc.*, 373 F.3d at 246. Plaintiff

alleges that defendants failed to comply with notice and record keeping requirements.  (Compl. at ¶ 1.)  Specifically, plaintiff alleges that defendants did not provide notice of wages.  (*Id.* at ¶ 43.)  Further, plaintiff alleges that defendants "willfully disregarded and purposefully evaded" record-keeping requirements by "failing to maintain accurate and complete timesheets and payroll records."  (*Id.* at ¶ 47.)  Plaintiff alleges that he was never provided with a written notice of wages and hourly rate increases.  (*Id.* at ¶ 48; *see also* Newman Decl. ¶¶ 16-18.)  The court thus finds defendants liable for failure to provide wage notice and wage statements to plaintiff.  *See Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-cv-1695, 2015 WL 1529653, at *6 (E.D.N.Y. Mar. 31, 2015) (finding defendants liable under NYLL § 195(1)(a) and § 195(3) where plaintiffs "did not receive written notice of wage information when they were hired" and they "did not receive written notice . . . with every payment of wages").

### III. The Relevant Limitations Periods under the FLSA and NYLL

"The statute of limitations under the FLSA is two years, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011) (quoting 29 U.S.C. § 255(a), which states the applicable statute of limitations for

claims relating to "unpaid minimum wages, unpaid overtime compensation, or liquidated damages"). Here, plaintiff has pleaded willful FLSA violations, (*see* Compl. ¶¶ 47, 57, 61), and defendants have waived the affirmative defense of statute of limitations defense by virtue of their default. *See Easterly v. Tri-Star Transp. Corp.*, No. 11-cv-6365 (VB), 2015 WL 337565, at *6 (S.D.N.Y. Jan. 23, 2015) ("[A]s [the p]laintiff alleges that [the defaulting defendant] committed FLSA violations willfully, ... the three-year federal period applies." (collecting cases)); *see also Rodriguez v. Queens Convenience Deli Corp.*, No. 09-cv-1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) ("When a defendant defaults, the violation is considered 'willful' and the three[-]year statute of limitations applies.").

The NYLL establishes a six-year limitations period for NYLL violations. *See* N.Y. Lab. Law §§ 198(3), 663(3); *Man Wei Shiu v. New Peking Taste Inc.*, No. 11-cv-1175 (NGG) (RLM), 2014 WL 652355, at *10 (E.D.N.Y. Feb. 19, 2014). Therefore, plaintiff may recover under the NYLL for claims arising outside of the FLSA's three-year limitations period but within the NYLL's six-year limitations period.

In the present case, plaintiff began working in approximately October 2018 until on or about February 2020 and filed his complaint on March 2, 2020. (*See* Compl. at ¶ 2.)

Accordingly, plaintiff's FLSA and NYLL claims are timely; plaintiff may recover damages arising out of his employment going back six years under state law, or October 2012, and three years under federal law, or October 2015.

## IV.   Damages

Plaintiff seeks: (1) $36,630 for unpaid minimum and overtime compensation pursuant to the FLSA and the NYLL; (2) $10,000.00 for wage notice and statement damages pursuant to NYLL § 195(1, 3); (3) $36,630 in liquidated damages, (4) $6,257.81 in prejudgment interest, and (5) $5,564.00 in attorneys' fees and costs.  (Pl. Mem. at 12-15; EF No. 26-6, Damages Calculation Chart.)  Plaintiff's allegations as to damages are not deemed true, and courts have "an obligation to ensure that damages are appropriate." *Rowe v. CC Rest. & Bakery, Inc.*, No. 17-cv-01423 (CBA)(PK), 2019 WL 4395158, at *7 (E.D.N.Y. Aug. 15, 2019), *report and recommendation adopted*, No. 17-cv-1423 (CBA)(PK), 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019). Once the court has determined that the defaulting defendants are liable, "the court must conduct an inquiry to establish damages to a 'reasonable certainty.'"  *Gunawan*, 897 F. Supp. 2d at 83 (quoting *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155).

### a. Compensatory Damages

#### i. Minimum Wages and Overtime Compensation

As discussed above, defendants are liable to plaintiff for unpaid minimum and overtime wages. *See Chen*, 2016 WL 2909966, at *8 (citing NYLL § 191(a)(i)).  The unpaid minimum and overtime wages are calculated below.[5]

Under both the FLSA and NYLL, plaintiff is entitled to overtime compensation of at least one and one-half times his regular hourly rate. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4.  With respect to the calculation of regular hourly rate, the respective regulations promulgated under the FLSA and NYLL contain slightly different requirements.  A plaintiff, however, may recover only once. *See, e.g., Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 n. 44 (S.D.N.Y. 2008). Generally, the court may rely on whichever statute provides the greater recovery. *See, e.g., Quiroz v. Dolceria*, Inc., No. 14-CV-871 (VVP), 2016 WL 2869780, at *3-4 (E.D.N.Y. May 17, 2016). The relevant regulations here yield the same result.

---

[5]      The court's unpaid minimum and overtime damages finding largely tracks plaintiff's calculation provided in the Damages Calculation Chart (*see* ECF No. 26-6), with one exception.  Plaintiff's counsel provided that the New York minimum wage was $13.50 in 2018 and calculated the damages using $13.50 as the applicable minimum wage. (*See* Pl. Mem. at 10-12; ECF No. 26-6.) According to the NYLL, however, the applicable minimum wage was $13.00 on or after December 2017. *See* N.Y.L.L. § 652(1).  Thus, the court uses the $13.00 minimum wage to calculate plaintiff's damages.

Under FLSA regulations, an employee's regular hourly rate is calculated by "dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113 (2016). There is a "rebuttable assumption that a weekly salary covers 40 hours," and "the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999).

Defendants failed to rebut the 40-hour weekly presumption by their default. *See, e.g., Valdez*, 2016 WL 3079028, at *5 (finding weekly salary covers plaintiff's first forty hours worked absent defendant proffering evidence suggesting an agreement otherwise); *De La Cruz v. Trejo Liquors, Inc.*, No. 16-cv-4382 (VSB) (DF), 2019 WL 9573763, at *5 (S.D.N.Y. Sept. 10, 2019) ("Absent evidence that the employer and employee understood that the fixed weekly salary included overtime hours, a court will find that the weekly salary covered only the first 40 hour"), *report and recommendation adopted*, No. 16-cv-4382 (VSB)(DF), 2020 WL 4432298 (S.D.N.Y. July 30, 2020); *cf. Doo Nam Yang*, 427 F. Supp. 2d at 338 (finding that the FLSA's rebuttable presumption had been overcome where the plaintiff conceded that his salary covered 50 hours of work).

Here, plaintiff alleges that he worked sixty-two (62) hours per week throughout the entire duration of his employment

with defendants.  During plaintiff's employment with defendants
from October 2018 to December 2018, the New York minimum wage
was $13.00 per hour and the overtime wage was $19.50 ($13.00 x
1.5).  N.Y.L.L. § 652(1).  Plaintiff represented that during
this eleven-week period, he worked sixty-two (62) hours per
week.  (Newman Decl. ¶ 10.)  Thus, defendants should have paid
plaintiff a total of $949.00 per week representing the minimum
wages owed ($13.00 x 40 hours) and overtime compensation owed
($19.50 x 22 hours).[6]  Accordingly, plaintiff was entitled to
$949.00 per week, or a total of $10,439.00 for the eleven weeks.
Instead, plaintiff was paid only $600 per week, or a total of
$6,600.  In sum, plaintiff is entitled to the difference of
**$3,839.00** in unpaid minimum and overtime wages in 2018.

During plaintiff's employment with defendants from
January 2019 to March 2020, the New York minimum wage was $15.00
per hour and the overtime wage was $22.50 ($15.00 x 1.5).
N.Y.L.L. § 652(1).  Plaintiff represented that during this
sixty-three (63) week period, he worked sixty-two (62) hours per
week.  (*See* ECF No. 26-6.)  Thus, defendants should have paid
plaintiff a total of $1,095.50 per week representing the minimum
wages owed ($15.00 x 40 hours) and overtime compensation owed
($22.50 x 22 hours).  Plaintiff was entitled to $1,095.00 per

---

[6]     Because plaintiff worked sixty-two hours per week, the twenty-two hours
of additional work exceeding the forty hour work week are considered overtime
hours.

week, or a total of $68,985.00 for the sixty-three weeks.

Instead, plaintiff was paid only $600.00 per week, or a total of

$37,800.00.  Accordingly, plaintiff is entitled to the

difference of **$31,185.00** in unpaid minimum and overtime wages

from January 2019 to March 2020.

For these reasons, defendants are liable to plaintiff

the total amount of **$35,024.00** in unpaid minimum and overtime

wages for the duration of plaintiff's employment with defendants

($3,839.00 + $31,185.00).

### b. Liquidated Damages

In addition to compensatory damages for defendants'

failure to pay the minimum and overtime wages, plaintiff seeks

liquidated damages under the FLSA and NYLL.  (Compl. ¶¶ 58, 59,

62, 66.)  In this case, the FLSA and NYLL provide identical

relief, because both allow for liquidated damages equal to 100%

of plaintiff's unpaid wages and overtime pay during the relevant

time period.  *See* 29 U.S.C. § 216(b); N.Y.L.L. § 198(1-a); *see*

*also Rana v. Islam*, 887 F.3d 118, 122-23 (2d Cir. 2018).  If the

employer shows that "the act or omission giving rise to such

action was in good faith and that he had reasonable grounds for

believing that his act or omission was not a violation" of the

FLSA or NYLL, the court may decide not to award liquidated

damages.  29 U.S.C. § 260; N.Y.L.L. § 198(1-a).  The Second

Circuit has explained that a plaintiff cannot recover cumulative

liquidated damages under both the FLSA and NYLL for the same time period. *See Rana*, 887 F.3d at 123 ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

Here, defendants have not answered or otherwise appeared in this action, much less demonstrated a "good faith" basis for believing the "underpayment" of wages was lawful, as the NYLL requires to prevent the imposition of liquidated damages. *See Herrera*, 2015 WL 1529653, at *12 (citing *Blue v. Finest Guard Servs. Inc.*, No. 09-cv-133(ARR), 2010 WL 2927398, at *11 (finding that a defendant's default may suffice to support a claim for liquidated damages). Further, plaintiff has alleged that defendants' NYLL violation was willful. (Compl. at ¶¶ 47, 57, 61.) Accordingly, the court awards liquidated damages pursuant to the FLSA for underpayment of overtime compensation and under the NYLL for failure to pay the minimum wage, for a total of **$35,024.00**. *See Khan v. AC Auto., Inc.*, No. 20-cv-4949 (RA), 2021 WL 2036706, at *4 (S.D.N.Y. May 21, 2021).

### c. Prejudgment Interest

Plaintiff seeks prejudgment interest at the rate provided by the FLSA and NYLL. (Pl. Mem. at 3.) "It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in

addition to liquidated damages." *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 382 (E.D.N.Y. 2013) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988)). Conversely, the Second Circuit has held that both prejudgment interest and liquidated damages may be awarded under the NYLL, because prejudgment interest and liquidated damages under the NYLL "are not functional equivalents" and "serve fundamentally different purposes." *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Courts in this circuit have concluded that "where a plaintiff has already received an award of FLSA liquidated damages, the plaintiff has been compensated for the delay in receiving wages that should have been paid," and the plaintiff "is therefore entitled to an award of prejudgment interest only on [damages under the NYLL that do not overlap with those under the FLSA] for which liquidated damages pursuant to the FLSA were not assessed." *McFarlane v. Harry's Nurses Registry*, No. 17-cv-6350 (PKC)(PK), 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020) (quoting *Gunawan*, 897 F. Supp. 2d at 92). Thus, plaintiff is entitled to prejudgment interest only "for that portion of unpaid wages for which [plaintiff is] being compensated under state law." *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 382 (E.D.N.Y. 2013) (quoting *Jin v. Pacific Buffet House, Inc.*, No. CV-06-579, 2009 WL 2601995, at *9 (E.D.N.Y. Aug. 24, 2009)).

Here, plaintiff does "not have any non-overlapping NYLL claims for which [he is] entitled to damages, and in any event, . . . elected to pursue liquidated damages under the FLSA." *See McFarlane*, 2020 WL 7186791, at *4; (*see also* Pl. Mem. at 13 ("Plaintiff is entitled to liquidated damages at the rate of 100% under the FLSA—from July 2019 until the end of his employment.").  Accordingly, plaintiff is not entitled to any prejudgment interest.

### d. Statutory Damages

#### i. Wage Notice and Wage Statement Violation Penalties

Plaintiff seeks statutory damages under New York's Wage Theft Protection Act ("WTPA").  (Pl. Mem. at 14 (citing NYLL § 195).)  *See Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-7439 (FB) (SJB), 2018 WL 4101844, at *6 (E.D.N.Y. Aug. 7, 2018) (The WTPA "requires employers to provide written wage notice "within 10 business days of his first day of employment."), *report and recommendation adopted*, No. 17-cv-07439 (FB)(SJB), 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018).  For an employer's failure to provide wage notice at the time of hiring, an employee may recover $50.00 each workday, not to exceed $5,000.00.  NYLL § 198(1-b).  For employer's failure to provide wage statements, an employee may recover $250.00 each workday, not to exceed $5,000.00.  NYLL § 198(1-d).  The court

applies the version of the WTPA in force at the time of violations during plaintiff's employment.  *See, e.g., Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 501-02 (S.D.N.Y. 2015) (awarding statutory damages under the WTPA based on the relevant provisions effective at the time of a plaintiff's employment).

Here, plaintiff worked for approximately six (6) days per week for his entire employment, which extended for seventy-four (74) weeks of employment or four hundred forty-four (444) days of employment.  (*See* Compl. ¶¶ 3, 38; Newman Decl. ¶¶ 9-11.)  As a result, for the four hundred forty-four (444) days during which plaintiff received no wage notice, he is entitled to $5,000.  For the four hundred forty-four (444) days during which he received no wage statements, plaintiff is also entitled to $5,000.  *See, e.g.*, *Pichardo*, 2018 WL 4101844, at *9 (E.D.N.Y. Aug. 7, 2018) (recommending full $10,000 in statutory damages for 365 days without wage notices or wage statements).  Accordingly, plaintiff is entitled to the statutory maximum of **$5,000.00** for defendants' failure to provide wage notice and another statutory maximum of **$5,000.00** for defendants' failure to provide wage statements.

### e. Attorney's Fees and Costs

#### i. Hourly Rate

Plaintiffs request attorney's fees and costs in the amount of $5,564.00.  (ECF No. 26, Declaration of Lina M. Stillman, Esq. in Support of Plaintiff's Amended Motion for Default Judgment ("Stillman Decl.") at ¶¶ 12-13.)  The FLSA and NYLL both provide for attorneys' fees "for actions to recover unpaid wages."  *Olvera v. New Ko-Sushi*, No. 10-cv-4643 (PKC), 2011 WL 724699, at *6 (S.D.N.Y. Feb. 16, 2011).

The standard method for determining reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany and Albany Cty. Bd. Of Elections*, 522 F.3d 182, 188-90 (2d Cir. 2007).  "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged."  *Fermin*, 93 F. Supp. 3d at 51 (citing *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

In this case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes."  *Martinez v. New 168*

*Supermarket LLC*, 19-cv-4526 (CBA) (SMG), 2020 WL 5260579, at *8
(E.D.N.Y. Aug. 19, 2020) (*quoting Encalada v. Baybridge Enters.
Ltd.*, 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014), *aff'd*,
612 F. App'x 54 (2d Cir. 2015) (summary order)).  Courts in the
Eastern District have recently awarded hourly rates in FLSA
cases ranging from $300 to $450 for partners, $200 to $325 for
senior associates, $100 to $200 for junior associates, and $70
to $100 for legal support staff in FLSA cases.  *Id.; see, e.g.*,
*Rodriguez v. Yayo Rest. Corp.*, No. 18-cv-4310 (FB)(PK), 2019 WL
4482032, at *8 (E.D.N.Y. Aug. 23, 2019), *report and
recommendation adopted*, No. 18-cv-4310 (FB)(PK), 2019 WL 4468054
(E.D.N.Y. Sept. 18, 2019); *Elvey v. Silver's Crust W. Indian
Rest. & Grill, Inc.*, No. 18-cv-126 (FB)(VMS), 2019 WL 3937126,
at *15 (E.D.N.Y. July 3, 2019) ("In this District, [courts have]
approved hourly rates for attorneys normally range from '$200 to
$450 for partners in law firms, $200 to $325 for senior
associates, $100 to $200 for junior associates, and $70 to $100
for paralegals.'").

Here, plaintiff seeks $6,384.00 in attorney's fees for
16.75 hours of work by Lina M. Stillman, Esq.  (Stillman Decl. ¶
13; ECF No. 26-5 (Stillman Legal, P.C. time sheets).)  Ms.
Stillman billed her time at the rate of $300 per hour.
(Stillman Decl. ¶ 12(i).)  Ms. Stillman is an attorney at
Stillman Law, P.C., and has been practicing law since 2012.

(*Id.*)  Ms. Stillman has practiced primarily in labor and
employment matters, specifically wage and hour litigation.
(*Id.*)

Having reviewed the prevailing rates for FLSA actions
in this district, the court concludes that an hourly rate of
$300.00 is within the range of rates found reasonable for
partners.  *See Martinez v. New 168 Supermarket LLC*, 19-cv-4526
(CBA)(SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020).
Accordingly, the court calculates attorneys' fees for work
performed by Ms. Stillman based on her hourly rate of $300.00.

### ii. Number of Hours

The Second Circuit requires that attorney's fee
applications include contemporaneous time records showing the
date the work was performed, "the hours expended, and the nature
of the work done" for each attorney or paralegal working on the
matter.  *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun
Fung USA Trading Co. Inc.*, No. 07-cv-2568 (JG), 2012 WL 1414872,
at *10 (E.D.N.Y. Jan. 20, 2012) (quoting *N.Y.S. Ass'n for
Retarded Children*, 711 F.2d at 1148); *see Scott v. City of N.Y.*,
643 F.3d 56, 58-59 (2d Cir. 2011).  In reviewing a fee
application, the district court must examine the hours expended
by counsel with a view to the value of the work product of the
specific expenditures to the client's case.  *See Lunday v. City
of Albany*, 42 F.3d 131, 133 (2d Cir. 1994); *DiFilippo v.*

37

*Morizio*, 759 F.2d 231, 235 (2d Cir. 1985).  If any expenditure of time was unreasonable, the court should exclude these hours from the calculation.  *See Hensley*, 461 U.S. at 434; *Lunday*, 42 F.3d at 133.

To determine the reasonable hours expended on the litigation, the district court must "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 303 (E.D.N.Y. 2012) (*quoting Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).  The court should exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Andrews v. City of N.Y.*, No. 14-cv-4845 JBW (JO), 2015 WL 2237060, at *3 (E.D.N.Y. May 12, 2015) (*quoting Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

Over the course of approximately seven months, plaintiff's counsel expended a total of 16.75 hours litigating this case.  (ECF No. 26-5.)  The court finds the 16.75 hours expended by counsel to be a reasonable amount. *See Villarrubia v. La Hoguera Paisa Restaurant & Bakery Corp.*, 18-CV-4929 (AMD) (PK), 2020 WL 6430327, at *2 (E.D.N.Y. Oct. 9, 2020) (finding that 35.45 hours billed over the course of thirteen months to be largely reasonable).  For these reasons, attorney's fees will be

calculated using the hourly rate of $300.00 per hour for the 16.75 hours of work expended for a total of **$5,025** in fees.

### i. Costs

In addition to attorney's fees, plaintiff seeks reimbursement of $550.00 in costs incurred in bringing this action.  (ECF No. 26-5.)  This amount consists of a $400.00 filing fee and $150.00 in process server fees.  (*Id.*)  As a general matter, a prevailing plaintiff in an action under the FLSA and NYLL is entitled to recover costs from the defendants, see 29 U.S.C. § 216(b); N.Y.L.L. § 663(1), as long as those costs are tied to "[i]dentifiable, out-of-pocket disbursements," *see Fan v. Jenny & Richard's Inc*, 17-CV-6963 (WFK), 2019 WL 1549033, at *15-16 (E.D.N.Y. Feb. 22, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 1547256, (E.D.N.Y. Apr. 9, 2019).

Although plaintiff's counsel did not submit documentation supporting the cost of the filing fee, the court takes judicial notice of this district's filing fee in the amount of $400.00.  *See Goode v. Vision Fin. Corp.*, No. 14-cv-4272 (SJ) (RER), 2015 WL 4629249, at *7 (E.D.N.Y. May 7, 2015) ("A court can take judicial notice of this District's filing fee amount of $400.00"), *report and recommendation adopted*, No. 14-cv-4272 SJ RER, 2015 WL 4634224 (E.D.N.Y. Aug. 3, 2015).

The court declines to award the $150 in service of process fees, however, because class counsel failed to document the process server fees.  *See Coastal Env't Grp. Inc.*, 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019) ("Process server fees are also recoverable but must be supported by documentation."); *see, e.g.*, *Dembitzer v. Weinberg Mediation Grp. LLC*, No. 17-cv-1734 (ENV)(SJB), 2018 WL 4088077, at *7 (E.D.N.Y. Aug. 3, 2018) (declining to award $170 in service of process fees in the absence of supporting documentation), *report and recommendation adopted*, No. 17-cv-1734 (ENV)(SJB), 2018 WL 4087921 (E.D.N.Y. Aug. 27, 2018).  For these reasons, the court awards **$400.00** in costs for a total of **$5,425.00** in attorneys' fees and costs.

### f. Post-Judgment Interest

Plaintiff is entitled to post-judgment interest on all money awards as a matter of right.  *See Tacuri v. Nithin Constr. Co.*, No. 14-cv-2908 (CBA)(RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (awarding plaintiffs post-judgment interest, despite their failure to request post-judgment interest, on all sums awarded concerning their FLSA and NYLL wage and hours claims).  Pursuant to 28 U.S.C. § 1961, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks and citation omitted).  As such,

post-judgment interest shall accrue at the federal statutory rate until the judgment is paid in full.  28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is granted.  The court orders that plaintiff is entitled to the following from defendants jointly and severally:

- (1) compensatory unpaid wage damages and overtime damages of $35,024.00;

- (2) liquidated damages of $35,024.00;

- (3) WTPA statutory damages of $10,000.00;

- (4) attorney's fees and costs of $5,425.00; and

- (5) post-judgment interest pursuant to 28 U.S.C. § 1961, calculated from the date judgment is entered until the date the judgment is paid in full.

The Clerk of Court is directed to enter Judgment accordingly, and to close this case.

SO ORDERED.

_____
/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:    Brooklyn, New York
          June 11, 2021

41